# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 22-1065V

|  |  |
|---|---|
| DENISE BAPTISTE, | |
| Petitioner, | Special Master Katherine E. Oler |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: September 7, 2022 |
| Respondent. | |

Denise Baptiste, Waterbury, CT, *pro se*
Heather Pearlman, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION DISMISSING PETITION[1]

On August 24, 2022, Denise Baptiste ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffers from lymphedema and diabetes resulting from adverse effects of the Covid-19 Moderna vaccine she received on February 21, 2021. Pet. at 1.

I held a status conference on September 7, 2022, at which time I explained to Petitioner that her claim suffered from procedural deficiencies and could not proceed as filed. To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she received a

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

vaccine listed on the Vaccine Injury Table (the "Table"). *See* §11(c)(1)(A). Vaccines are added to this Table only after two steps occur. First, compensation in the Program can only awarded to individuals "who have been injured by vaccines routinely administered to children." H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3. Thus, the vaccine at issue must be designated by the Centers for Disease Control as appropriate for children or pregnant women (even if it is also administered to adults). Second, an excise tax must be enacted by Congress on each vaccine listed on the Table to provide funds for compensation for possible injury resulting from a vaccine. The date the tax is enacted is the date a vaccine becomes the basis for a claim in the Vaccine Program. *See* 26 U.S.C. § 4131(a); *see also* Omnibus Budget Reconciliation Act of 1993, Pub. L. No. 103–66, § 13632(a)(3), 107 Stat. 312 (1993).

The Covid-19 vaccine does not yet appear on the Table, and as a result, it is not covered by the Vaccine Program. Petitioner therefore cannot show that she "received a vaccine set forth in the Vaccine Injury Table." Section 11(c)(1)(A). As a result, the petition must be dismissed. *See, e.g.*, *Danberry v. Sec'y of Health & Hum. Servs.*, No. 20-0778V, 2020 WL 6375330 (Fed. Cl. Spec. Mstr. Sept. 28, 2020) (dismissing a claim seeking compensation for injuries incurred after receiving Pneumovax-23 and Shingrix—two vaccines that are not set forth in the Table).

I encourage Petitioner to visit: http://www.cofc.uscourts.gov/vaccine-programoffice-special-masters and click on: COVID-19 Vaccine Injury Claims for further information.

## CONCLUSION

Accordingly, and for the aforementioned reasons, the Petition is dismissed. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

A copy of this order shall be sent to Petitioner by regular U.S. mail at the following address:

Denise Baptiste
55 Mayberry Circle
Apt 5
Waterbury, CT 06705

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.